**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | CASE NO. 22-56997-BEM |
| ) | |
| TERRENCE GRIFFIN and ) | CHAPTER 7 |
| KIMBERLY GRIFFIN, ) | |
| ) | |
| Debtors. ) | |
| ) | |

## TRUSTEE'S APPLICATION FOR APPOINTMENT OF ATTORNEYS

COMES NOW, S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**" or "**Applicant**") in the bankruptcy case (the "**Case**") of Terrence Griffin and Kimberly Griffin ("**Debtors**"), and respectfully represents as follows:

1.

Applicant is the duly qualified and acting Trustee herein. To administer the Case in a proper, efficient, and economical manner, Applicant requires the services of legal counsel, and he wishes the law firm of which he is a member, Taylor English Duma LLP, to be appointed to act as his attorneys in the Case.

2.

Applicant and other members and associates of said firm are admitted to practice in this Court, have knowledge and experience in bankruptcy practice and are well qualified to represent the Trustee in this matter. Attached as Exhibit "A" is the Bankruptcy Rule 2014 Verification of Taylor English Duma LLP.

02433584-1

3.

The current hourly billing rates of the attorneys and paralegals who may render services in the Case are as follows:

| | | |
|---|---|---|
| 1. | Neil C. Gordon | $595.00 |
| 2. | John K. Rezac | $495.00 |
| 3. | Jason L. Pettie | $480.00 |
| 4. | Angela G. Ford | $240.00 |
| 5. | Pamela E. Bicknell | $240.00 |
| 6. | Hannah Clapp | $350.00 |

Depending on need for particular experience or the exigencies of the Case, other attorneys may also provide services. The above rates may be increased during the term of the proposed employment or if so awarded by the Court.

4.

It is necessary for the Trustee to employ counsel for the benefit of the bankruptcy estates of the Debtors (collectively, the "**Estate**"). This case involves the related case of Making Dough, LLC, Case No. 22-56993-LRC, and involves the sale of that certain real property known generally as 1895 Milfield Circle, Snellville, Gwinnett County, Georgia 30078 (the "**Property**"). Counsel will be needed because the Trustee is not an attorney.

Counsel will be needed (i) to investigate the enforceability of liens against the Property, (ii) for any settlement negotiations, and (iii) for preparing, filing, and advocating any motion to approve settlement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. Counsel will also be needed to oppose any stay relief motion relating to the Property and for legal work related to a sale of the Property, any motions to compel Debtors' performance of their statutory duties and/or turnover of non-exempt real property, and similar work. Other reasons why counsel is needed are as follows:

02433584-1

First, sale motion initiating contested matters need to be filed with regard to real estate sales because the motions and resulting order will affect the rights of others (falling squarely within the definition of practicing law in Georgia), because they result in the sale being consummated free and clear of all liens, claims, interests, and encumbrances.

Second, sale motions must involve (i) an analysis of the entities potentially having a lien, claim, interest, and/or encumbrance against the subject property, (ii) consideration in drafting to ensure that such entity is named as a respondent in the sale motion, and (iii) an analysis to be certain that such entity is served in accordance with the law. The determination of how such service should be accomplished, as set forth in Fed. R. Bankr. P. 7004, can be complicated.

Third, sale motions involve detailed analyses of title to the properties in question and then require a detailed application of the law to the facts.

Fourth, typical sale motions request other relief, including a request to make distributions at closing (trustees cannot disburse funds absent a court order authorizing such disbursements) and a request for findings of good faith under 11 U.S.C. § 363(m).

Fifth, sales by a bankruptcy estate are accomplished by trustee deeds (the equivalent of quitclaim deeds). Trustees do not execute warranty deeds because trustees and their bankruptcy estates need protection from future claims related to warranties normally included in such deeds. However, quitclaim deeds are not insurable by title companies, and no title insurer will issue a title policy on a trustee sale without a court order. The real estate market for bankruptcy sales would be largely inaccessible unless

02433584-1

trustees file contested matters to transfer properties free and clear of all liens, claims, and encumbrances under 11 U.S.C. § 363(f).

Sixth, Fed. R. Bankr. P. 6004(h) expressly contemplates a motion and order.

Seventh, without a court order, the trustee is exposed to personal liability.

In sum, it is necessary that trustee's file sale motion and obtain orders in completing real estate transactions, and that trustees hire counsel to assist the trustee in this regard, as provided in 11 U.S.C. §§ 327(a) and (d). Counsel will also be required for legal research and other necessary legal services.

5.

The professional services, which may be rendered for which it is necessary that an attorney act may also include:

(a)   Preparation of pleadings and motions and conducting of examinations incidental to the administration of the Estate;

(b)   Services incidental to preservation and disposition of assets;

(c)   Investigation, analysis, and appropriate action, if required, relative to any preference, fraudulent transfer, unperfected security interest, improper disposal of assets, prosecution of the Estate's claims, or pending litigation;

(d)   Any and all other necessary action incident to the proper preservation and administration of the Estate.

6.

To the best of Applicant's knowledge, said firm's acting as attorneys in the Case will be in the best interest of the Estate, because Applicant will be familiar with the Case

02433584-1

and the trouble, expense, and delay inherent in acquainting and counseling other attorneys regarding operative facts may thus be avoided.

7.

To the best of Applicant's knowledge, said firm's acting as attorneys in the Case will be in the best interest of the Estate, Debtors, creditors, and other parties in interest. Except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Neil C. Gordon, said firm does not hold or represent an interest adverse to the Estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a).

8.

In order to expedite the marshaling of the Estate's assets, Taylor English Duma LLP has heretofore performed certain professional services for the Estate or plans to perform such services, which may be rendered prior to the signing of any order upon this Application.

9.

Applicant proposes that said firm be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law.

WHEREFORE, Applicant prays that Taylor English Duma LLP be authorized to act as Applicant's attorney in the Case and that such authorization continue if said firm should assist any successor Trustee.

02433584-1

Respectfully submitted,

By: */s/ Neil C. Gordon*
Neil C. Gordon
State Bar No. 302387
Taylor English Duma LLP
1600 Parkwood Circle SE, Suite 200
Atlanta, Georgia 30339
Ph: (404) 640-5917
Email: ngordon@taylorenglish.com
Attorneys for Chapter 7 Trustee

Approved by:

CHAPTER 7 TRUSTEE

*/s/ S. Gregory Hays*
S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, Georgia 30305
(404) 926-0060

02433584-1

## EXHIBIT "A"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner with the law firm of Taylor English Duma LLP, with offices at 1600 Parkwood Circle SE, Suite 200, Atlanta, Georgia 30339 (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Terrence Griffin and Kimberly Griffin ("**Debtors**"). To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtors, their creditors, or any party in interest in this case, except as set forth below. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged. Disclosure is made that the Firm has previously represented and does represent Trustee (in his capacity as a bankruptcy trustee) as a special or general counsel in unrelated matters.

3. The Firm will not expect or receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 26th day of October, 2022.

By: /s/ Neil C. Gordon
Neil C. Gordon
State Bar No. 302387

SWORN TO AND SUBSCRIBED before me this 26th day of October, 2022.

/s/ Pamela E. Bicknell
Pamela E. Bicknell
Notary Public
My commission expires: January 18, 2026

02433584-1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *Trustee's Application for Appointment of Attorneys* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S, Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

William A. Rountree
Rountree Leitman Klein & Geer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

Terrence Griffin
1895 Milfield Circle
Snellville, GA 30078

Kimberly Griffin
1895 Milfield Circle
Snellville, GA 30078

This 27th day of October, 2022.

/s/ Neil C. Gordon
Neil C. Gordon

02433584-1