UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-56997-BEM |
| TERRENCE GRIFFIN and KIMBERLY GRIFFIN, | CHAPTER 7 |
| Debtors. | |

## MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT
## UNDER RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

COMES NOW S. Gregory Hays, as Chapter 7 Trustee for the bankruptcy estates of Terrence Griffin and Kimberly Griffin ("**Trustee**"), by and through the undersigned counsel, and files his *Motion for Order Approving Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* (the "**Settlement Motion**"), between Trustee and Renasant Bank ("**Renasant**") under Federal Rules of Bankruptcy Procedure Rule 9019. In support of the Settlement Motion, Trustee respectfully shows the Court as follows:

### I. JURISDICTION

1. This Court has jurisdiction over this Settlement Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure. This Settlement Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

#### *a. General Background*

2. Terrence Griffin and Kimberly Griffin ("**Debtors**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on September 2, 2022 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 22-56997-BEM (the "**Bankruptcy Case**").

1

02452713-1

3.  Also on the Petition Date, Debtors filed under penalty of perjury their *Statement of Financial Affairs, Schedules "A" through "J,"* (the "**Sworn Schedules**") and *Other Bankruptcy Documents* [Doc. No. 1].

4.  Trustee was appointed to the Bankruptcy Case as interim Chapter 7 Trustee on September 6, 2022 [Doc. No. 6], pursuant to 11 U.S.C. § 701(a)(1).

5.  The original Chapter 7 meeting of creditors was held telephonically and concluded on October 12, 2022, pursuant to 11 U.S.C. §341(a), after which time, the Trustee became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d).

6.  At the commencement of the Bankruptcy Case, the Debtors' bankruptcy estates were created under 11 U.S.C. § 541(a) (collectively, the "**Bankruptcy Estate**"), and the Bankruptcy Estate included all Debtors' legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the Bankruptcy Estate acquired after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7).

7.  Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a).

8.  Trustee is under a duty to collect and reduce to money the property of the Bankruptcy Estate. 11 U.S.C. § 704(a)(1).

9.  On October 27, 2022, Trustee filed his *Application for Appointment of Attorneys* [Doc. No. 14], and on November 2, 2022, an *Order* [Doc. No. 18] was entered by the Court, appointing Taylor English Duma LLP as attorneys for Trustee.

### *b. The Property*

10. In their Sworn Schedules, *Schedule A/B: Property* [Doc. No. 1, page 10 of 62], Debtors scheduled their joint ownership interest in that certain real property known generally as 1895 Milfield Circle, Snellville, Gwinnett County, Georgia 30078 (the "**Property**").

02452713-1

11. In their Sworn Schedules, *Schedule C: The Property You Claim as Exempt* [Doc. No. 1, page 16 of 62], Debtors scheduled a homestead exemption in the Property in the amount of $23,280.09 pursuant to O.C.GA. § 44-13-100(a)(1).

### *c. Alleged Liens, Interests, and Encumbrances on or Against the Property*

12. In their Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1, pages 19-20 of 62], Debtors scheduled two (2) claims on or against the Property: (a) a first mortgage in the amount of $164,518.00 in favor of USAA/Nationstar Mortgage ("**USAA**") and (b) a second mortgage in the amount of $306,395.70 in favor of Renasant.

13. Trustee's counsel obtained a full title examination report of the Property on October 27, 2022, effective October 20, 2022 (the "**Title Report**"), confirming the security interest of USAA.

14. The Title Report reflected a second *Deed to Secure Debt and Security Agreement* (the "**Security Deed**") dated April 17, 2018, and recorded on the real estate records with the Clerk of the Superior Court of Gwinnett County on April 18, 2018, in favor of The Brand Banking Company ("**Brand**") in the original principal amount of $532,000.00.

15. Renasant, as successor by merger to Brand, filed a secured proof of claim (Claim No. 2) in the amount of $292,386.87, secured by the Security Deed collateralizing a Guaranty on a U.S. Small Business Administration Note (the "**Renasant Claim**").

16. Counsel for Renasant informed Trustee that it was interested in reaching an agreement with the Trustee whereby Trustee could sell the Property.

### III. THE SETTLEMENT

17. Following negotiations and subject to Bankruptcy Court approval, Trustee and Renasant (collectively, the "**Parties**") mutually desire to settle all disputes and issues and provide

for the Trustee to proceed with a sale of the Property pursuant to 11 U.S.C. § 363(b) and for the Bankruptcy Estate to receive a Carve-Out from the Net Sale Proceeds as particularly defined hereinbelow.

18. Trustee attaches a copy of the *Settlement Agreement* (the "**Settlement Agreement**") as Exhibit "A." Significant terms of the Settlement Agreement are as follows:[1]

(a) Unless and until the Property is abandoned by the Trustee, Trustee will oppose any motion by USAA seeking relief from the automatic stay of 11 U.S.C. § 362.

(b) Renasant consents to the Trustee's listing, marketing, showing and selling of the Property at listing and sale prices determined by the Trustee in his sole discretion, subject only to Court approval in the Bankruptcy Case.

(c) Renasant further agrees to a "carve-out," whereby the Net Sale Proceeds, as defined hereinbelow, that would otherwise be paid to Renasant, will instead be allocated and paid fifty-five (55%) percent to Renasant and forty-five (45%) percent to the Trustee on behalf of the Bankruptcy Estate (the "**Carve-Out**"), with the allocation and payment made to the Trustee from the Carve-Out reducing dollar for dollar the indebtedness owed Renasant. The Net Sale Proceeds and the "Carve-Out" shall be paid to Renasant and the Trustee, respectively, as soon as practicable at or after the close of the sale of the Property.

(d) "Net Sale Proceeds" shall separately mean the gross sale proceeds, less the payoff to USAA, any outstanding *ad valorem* real property taxes and the pro-rated share of *ad valorem* real property taxes for 2022 (or current year at closing) and thereafter, any

---

[1] The following is a summary of the Settlement Agreement and is not intended to be comprehensive. To the extent that anything in this summary is contrary to the terms of the Settlement Agreement, the Settlement Agreement controls.

4

02452713-1

capital gains taxes (none anticipated), any water and sewer liens, real estate commissions, any liens senior to the Security Deed, all routine closing costs and costs necessary to close the sale.

(e) The amount of the indebtedness to Renasant in excess of the sums actually paid out of the Net Sale Proceeds from the sale of the Property to either Renasant or the Bankruptcy Estate (by virtue of the Carve-Out) shall be the "Deficiency Balance," to which amount Renasant shall amend the Renasant Claim and reclassify such Renasant Claim as non-priority unsecured. Nothing in this section is otherwise intended to modify or diminish the rights of Renasant with respect to the Renasant Claim, to the extent the Property is not sold by the Trustee pursuant to the terms of this Agreement.

(f) Upon execution of the Settlement Agreement by each of the Parties, Trustee shall file this Settlement Motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of the Settlement Agreement.

## V. RELIEF REQUESTED

19. By this Settlement Motion, Trustee requests that the Court enter an order granting the Settlement Motion and approving the Settlement Agreement.

## VI. BASIS FOR RELIEF

20. Federal Rule of Bankruptcy Procedure 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

02452713-1

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) the probability of success in the litigation;
> (b) the difficulties, if any, to be encountered in the matter of collection;
> (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
> (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

21. The proposed settlement between the Parties is the product of arms-length negotiations and reflects the Parties' analysis and consideration of the relevant legal, factual, and economic issues.

22. By virtue of the Settlement Agreement, the Parties have settled all disputes and issues between them in a manner that is in the best interest of the Bankruptcy Estate and will enable Trustee to make a substantial distribution to creditors by being able to administer an asset that, absent the Settlement Agreement, Trustee might have abandoned. Although nothing is guaranteed, Trustee conservatively estimates the Bankruptcy Estate will receive at least $90,000.00 based on the Settlement Agreement

23. Under the standard set forth above and for the reasons previously detailed in this Settlement Motion, Trustee moves the Court to approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order (i) granting this Settlement Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to the parties such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 28th day of November, 2022.

TAYLOR ENGLISH DUMA LLP
*Attorneys for Trustee*

By: */s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 302387
ngordon@taylorenglish.com

1600 Parkwood Circle, SE
Suite 200
Atlanta, GA 30339
(404) 640-5917

02452713-1

## EXHIBIT "A" FOLLOWS

02452713-1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-56997-BEM |
| TERRENCE GRIFFIN and<br>KIMBERLY GRIFFIN, | CHAPTER 7 |
| Debtors. | |

**JOINT STIPULATION AND SETTLEMENT AGREEMENT**

This *Joint Stipulation and Settlement Agreement* (the "**Agreement**") is by and between S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estates of Terrence Griffin and Kimberly Griffin (collectively, the "**Bankruptcy Estate**"), and Renasant Bank ("**Renasant**") on behalf of the Small Business Administration:

WHEREAS, Terrence Griffin and Kimberly Griffin ("**Debtors**") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code on September 2, 2022 (the "**Petition Date**"), thereby initiating Bankruptcy Case No. 22-56997-BEM (the "**Bankruptcy Case**"); and

WHEREAS, also on the Petition Date, Debtors filed under penalty of perjury their *Statement of Financial Affairs, Schedules "A" through "J,"* (the "**Sworn Schedules**") and *Other Bankruptcy Documents* [Doc. No. 1]; and

WHEREAS, Trustee was appointed to the Bankruptcy Case as interim Chapter 7 Trustee on or September 6, 2022 [Doc. No. 6], pursuant to 11 U.S.C. § 701(a)(1); and

WHEREAS, the original Chapter 7 meeting of creditors was held telephonically and concluded on October 12, 2022, pursuant to 11 U.S.C. §341(a), after which time, the Trustee became the permanent Chapter 7 trustee pursuant to 11 U.S.C. § 702(d); and

02450358-1

WHEREAS, pursuant to the Sworn Schedules, *Schedule A/B: Property* [Doc. No. 1, page 10 of 62], Debtors scheduled their joint ownership interest in that certain real property known generally as 1895 Milfield Circle, Snellville, Gwinnett County, Georgia 30078 (the "**Property**"); and

WHEREAS, pursuant to the Sworn Schedules, *Schedule D: Creditors Who Have Claims Secured by Property* [Doc. No. 1, pages 19-20 of 62], Debtors scheduled two (2) claims on or against the Property: (a) a first mortgage in the amount of $164,518.00 in favor of USAA/Nationstar Mortgage ("**USAA**") and (b) a second mortgage in the amount of $306,395.70 in favor of Renasant; and

WHEREAS, Trustee's counsel obtained a full title examination report of the Property on October 27, 2022, effective October 20, 2022 (the "**Title Report**"), confirming the security interest of USAA; and

WHEREAS, the Title Report reflected a second *Deed to Secure Debt and Security Agreement* (the "**Security Deed**") dated April 17, 2018, and recorded on the real estate records with the Clerk of the Superior Court of Gwinnett County on April 18, 2018, in favor of The Brand Banking Company ("**Brand**") in the original principal amount of $532,000.00; and

WHEREAS, Renasant, as successor by merger to Brand, filed a secured proof of claim (Claim No. 2) in the amount of $292,386.87, secured by the Security Deed collateralizing a Guaranty on a U.S. Small Business Administration Note (the "**Renasant Claim**"); and

WHEREAS, counsel for Renasant informed Trustee that it was interested in reaching an agreement with the Trustee whereby Trustee could sell the Property; and

WHEREAS, on the basis of this Agreement, Trustee and Renasant (collectively, the "**Parties**") mutually desire to settle all disputes and issues and provide for the Trustee to proceed

02450358-1

with a sale of the Property pursuant to 11 U.S.C. § 363(b).

NOW, THEREFORE, as set forth below, the Parties agree as follows:

1. Unless and until the Property is abandoned by the Trustee, Trustee will oppose any motion by USAA seeking relief from the automatic stay of 11 U.S.C. § 362.

2. Renasant consents to the Trustee's listing, marketing, showing and selling of the Property at listing and sale prices determined by the Trustee in his sole discretion, subject only to Court approval in the Bankruptcy Case.

3. Renasant further agrees to a "carve-out," whereby the Net Sale Proceeds, as defined hereinbelow, that would otherwise be paid to Renasant, will instead be allocated and paid fifty-five (55%) percent to Renasant and forty-five (45%) percent to the Trustee on behalf of the Bankruptcy Estate (the "**Carve-Out**"), with the allocation and payment made to the Trustee from the Carve-Out reducing dollar for dollar the indebtedness owed Renasant. The Net Sale Proceeds and the "Carve-Out" shall be paid to Renasant and the Trustee, respectively, as soon as practicable at or after the close of the sale of the Property.

4. "Net Sale Proceeds" shall separately mean the gross sale proceeds, less the payoff to USAA, any outstanding *ad valorem* real property taxes and the pro-rated share of *ad valorem* real property taxes for 2022 (or current year at closing) and thereafter, any capital gains taxes (none anticipated), any water and sewer liens, real estate commissions, all routine closing costs and costs necessary to close the sale.

5. The amount of the indebtedness to Renasant in excess of the sums actually paid out of the Net Sale Proceeds from the sale of the Property to either Renasant or the Bankruptcy Estate (by virtue of the Carve-Out) shall be the "Deficiency Balance," to which amount Renasant shall amend the Renasant Claim and reclassify such Renasant Claim as non-priority unsecured. Nothing

02450358-1

in this section is otherwise intended to modify or diminish the rights of Renasant with respect to the Renasant Claim, to the extent the Property is not sold by the Trustee pursuant to the terms of this Agreement.

6. Any dispute over this Agreement shall be determined solely by the Court in this Bankruptcy Case.

7. Upon execution of this Agreement by each of the Parties, Trustee shall file a motion (the "**Settlement Motion**") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure seeking the Bankruptcy Court's approval of this Agreement (the "**Settlement Order**").

8. For the purposes of this Agreement, the Settlement Order becomes a final order when it has been entered on the docket in the Bankruptcy Case and it (a) has not been reversed, stayed, modified or amended and as to which the time to appeal from, or to seek review or rehearing of, has expired and as to which no appeal or petition for review, rehearing or certiorari is pending; or (b) if appealed from, has been affirmed (or the appeal dismissed) and the time to appeal from such affirmance or to seek review or rehearing thereof has expired, or no further hearing, appeal or petition for certiorari can be taken or granted.

9. Each of the Parties agrees to take any and all actions and execute any other documents as may be reasonably required for the Parties to give effect to the purpose and intent of this Agreement.

10. The Bankruptcy Court shall retain jurisdiction over the Parties for enforcement of this Agreement and any and all disputes, controversies, or claims regarding the interpretation, validity, construction or other issues relating to or concerning this Agreement. An action relating to, based upon, or arising from a breach of this Agreement shall be brought only in the Bankruptcy Court, which shall retain jurisdiction over the subject matter and the Parties for this purpose.

11. The Parties acknowledge and agree that this Agreement is being executed and delivered as part of a compromise and settlement and is expressly contingent upon and subject to the approval of the Bankruptcy Court. The Parties further acknowledge and agree that this Agreement will not and may not be used or construed as an admission of any liability or responsibility to any Party or to any other persons.

12. The Parties acknowledge and represent being fully advised by their respective legal counsel of their rights and responsibilities under this Agreement or, alternatively, having had an opportunity to retain the services of independent legal counsel and having affirmatively elected not to do so, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same.

13. The Parties hereto acknowledge having had input into the drafting of this Agreement or, alternatively, having had an opportunity to have input into the drafting of this Agreement. Accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

14. This Agreement contains the entire, final, complete, and exclusive agreement between the Parties to the subject matter contained herein. There are no other representations, agreements, arrangements, or understandings, oral or written, between the Parties relating to the subject matter contained herein, which are not fully expressed herein.

15. This Agreement shall be governed by, and construed in accordance with, the laws of the State of Georgia, without regard to its conflict of law principles.

16. This Agreement may be executed in one or more counterparts, each of which is an original, and all of which constitute only one agreement between the Parties. Counterparts of

02450358-1

this Agreement also may be exchanged via electronic transmission such as facsimile machines or computer, and any Party's signature transmitted by such electronic transmission shall be deemed to be an original signature for all purposes.

STIPULATED AND AGREED TO this 28th day of November, 2022.

| S. GREGORY HAYS<br>CHAPTER 7 TRUSTEE | RENASANT BANK |
|---|---|
| By: /s/ Neil C. Gordon<br>Neil C. Gordon<br>State Bar No. 302387<br>TAYLOR ENGLISH DUMA LLP<br>1600 Parkwood Circle, SE<br>Suite 200<br>Atlanta, Georgia 30339<br>Tel: (404) 640-5917<br>Email: ngordon@taylorenglish.com<br>**Attorneys for Trustee** | By: /s/ Shayna M. Steinfeld<br>Shayna M. Steinfeld<br>State Bar No. 622895<br>*(Signed by Neil C. Gordon with "express permission granted on November 28, 2022.)*<br>STEINFELD & STEINFELD, P.C.<br>11B Lenox Pointe, NE<br>Atlanta, Georgia 30324<br>Tel: (404) 636-7786<br>Fax: (404) 636-5486<br>Email: shayna@steinfeldlaw.com<br>**Attorneys for Renasant** |

02450358-1

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served a true and correct copy of the foregoing *Motion for Order Approving Settlement Agreement Under Rule 9019 of the Federal Rules of Bankruptcy Procedure* by first class United States mail on the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Chapter 7 Trustee
Hays Financial Consulting, LLC
Suite 5555
2964 Peachtree Road
Atlanta, GA 30305

Renasant Bank
c/o Shayna M. Steinfeld
Steinfeld & Steinfeld, P.C.
11B Lenox Pointe, NE
Atlanta, GA 30324

William A. Rountree
Rountree Leitman Klein & Greer, LLC
Century Plaza I, Suite 350
2987 Clairmont Road
Atlanta, GA 30329

Terrence Griffin
1895 Milfield Circle
Snellville, GA 30078

Kimberly Griffin
1895 Milfield Circle
Snellville, GA 30078

This 30th day of November, 2022.

*/s/ Neil C. Gordon*
Neil C. Gordon
Georgia Bar No. 302387